UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DISTRIBUTOR RESOURCE MANAGEMENT, INC. d/b/a TRACKMAX SOLUTIONS,** | }<br>}<br>}<br>} |
| **Plaintiff,** | }<br>} |
| vs. | }    **CASE NO. 2:12-cv-00188-SLB**<br>} |
| **JERRY PEACOCK; THE INDEPENDENT RESOURCE LLC; MICHAEL KLAUSMAN,** | }<br>}<br>}<br>} |
| **Defendants.** | } |

## **MEMORANDUM OPINION**

This case is before the court on defendant Jerry Peacock's Motion to Dismiss Complaint Pursuant to Alabama's Abatement Statute, Alabama Code § 6-5-440 (1975). (Doc. 12.)[1] Upon consideration of the parties' submissions, the arguments of counsel, and the relevant law, the court finds that the Motion, (doc. 12), is due to be denied.

On January 17, 2012, plaintiff Distributor Resource Management, Inc. d/b/a Trackmax Solutions ("Trackmax") commenced this litigation by filing an eight-count complaint requesting monetary and injunctive relief against Jerry Peacock ("Peacock"), The Independent Resource LLC, and Michael Klausman. (*See generally* doc. 1.) On May 3, 2012, Peacock filed the instant motion, arguing that dismissal is warranted under Alabama's Abatement Statute because this lawsuit mirrors a lawsuit filed by Trackmax against Peacock

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (*See generally* docs. 12, 12-1.) Specifically, Peacock contends that these concurrent lawsuits are identical "by way of the named parties, the factual allegations listed as the basis for the claims against Peacock, and the relief requested." (Doc. 12 ¶ 9.) The motion has been fully briefed and is ripe for adjudication.

> The Alabama Abatement Statute provides that:
>
> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

ALA. CODE § 6-5-440. "The purpose of the rule is to avoid multiplicity of suits and vexatious litigation." *Johnson v. Brown-Service Ins.*, 307 So. 2d 518, 520 (Ala. 1974) (citations omitted). However, the effect of statute, by its plain language, only applies to parallel litigation pending within the state of Alabama. ALA. CODE § 6-5-440 ("No plaintiff is entitled to prosecute two actions in the **courts of this state** . . . ." (emphasis added)); *see also FPC Fin., f.s.b. v. Layton*, No. 1:10CV115-WHA-SRW, 2010 WL 4180742, at *3 (M.D. Ala. Oct. 20, 2010) ("[The Alabama Abatement Statute] prohibits a plaintiff from prosecuting multiple actions (1) **in state or federal courts in Alabama** (2) 'at the same time;' (3) 'for the same cause;' and (4) 'against the same party.'" (emphasis added; citations omitted)). Moreover, the Alabama Supreme Court "has long been committed to the proposition that the pendency of a suit upon the same cause of action in another state is no cause of abatement

of a suit instituted in this state." *Ex parte Buck*, 287 So. 2d 441, 443 (Ala. 1973) (citing *Humphries v. Dawson*, 38 Ala. 199, 204 (1861)).  Consequently, the Alabama Abatement Statute has no effect on the instant case because the parallel litigation is pending outside the state of Alabama.

Alternatively, in his reply brief, Peacock asks the court to stay this action pending the outcome of the Florida litigation in the event the court declines to dismiss this action under the Alabama Abatement Statute.  The court discerns that Peacock, though in not certain terms, believes this matter should be stayed based on the abstention doctrine enunciated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  However, "as [the Eleventh Circuit] repeatedly ha[s] admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'"  *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (quoting *United States v. Coy*, 19 F.3d 629, 632 n. 7 (11th Cir. 1994)); *see also Wetherbee v. S. Co.*, 423 F. App'x 933, 934 (11th Cir. 2011) ("[A]lthough Wetherbee briefed these issues in detail in his reply brief, we do not consider arguments raised for the first time in a reply brief." (citing *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003))); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."); *Butler v. Cleburne County Comm'n*, No. 1:10–cv–2561–PWG, 2012 WL 2357740, at *6 (N.D. Ala. Jan. 17, 2012) ("[T]he court generally does not consider issues or arguments raised for the first in a reply, for to do so deprives the non-movant of a fair

opportunity to respond."). Accordingly, the court refuses to consider Peacock's alternative argument raised for the first time in reply.[2]

## CONCLUSION

For the foregoing reasons, the court is of the opinion that Jerry Peacock's Motion to Dismiss Complaint Pursuant to Alabama's Abatement Statute, Alabama Code § 6-5-440 (1975), (doc. 12), is due to be denied.  An Order denying the Motion will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 13th day of July, 2012.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] By titling the instant motion "Jerry Peacock's Motion to Dismiss Complaint Pursuant to Alabama's Abatement Statute, Alabama Code § 6-5-440 (1975)," Peacock makes abundantly clear the sole ground upon which he seeks dismissal.